HARTFORD-EMPIRE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 29958, 41736, 53600.   Promulgated May 20, 1932.

*Herbert Knox Smith*, *Esq.*, *Arthur T. Safford*, *Esq.*, and *Norman E. Webster*, *C. P. A.*, for the petitioner.

*John D. Foley*, *Esq.*, for the respondent.

OPINION.

GOODRICH: In these proceedings, which were consolidated for hearing, petitioner contests deficiencies asserted by respondent as follows:

| | |
|---|---:|
| 1923 | $13, 619. 44 |
| 1924 | 4, 480. 87 |
| 1925 | 4, 367. 22 |
| 1926 | 8, 401. 52 |
| 1927 | 22, 561. 90 |
| 1928 | 18, 688. 27 |

A lengthy stipulation of facts was filed, which is incorporated herein by reference as our findings of fact, but for the purpose of reporting our decision a brief summary of the stipulated facts will suffice.

Save for minor mathematical errors relating to respondent's computations of the deficiencies, called to our attention by affirmative allegations in his pleadings and which will be disposed of upon settlement in accordance with our decision, there are but two issues raised herein which, reduced to their simplest terms, are as follows:

1. Whether in computing the allowance to petitioner for exhaustion of certain patents and applications for patents, acquired by petitioner from a predecessor corporation, the basis to be used is the cost of such assets or the value thereof as of March 1, 1913; and

2. Whether petitioner may deduct from its income the amount of a net loss sustained by said predecessor corporation.

Petitioner is a corporation, organized under the laws of the State of Delaware in 1922. As of January 1, 1923, it took over the assets and business and assumed all the liabilities of the Hartford-Fairmont Company, a corporation organized in 1912 under the laws of the State of New York and engaged in the business of acquiring, developing and licensing mechanical devices relating to the feeding of molten glass. On March 1, 1913, the Hartford-Fairmont Company owned .certain patents and patent applications, the value of which as of that date was determined by the Board in a proceeding before it instituted by that company and reported in 12 B. T. A. 102, to be $2,000,000, apportioned $1,300,000 to domestic rights and $700,-000 to foreign rights. It is conceded that the transaction by which petitioner, on January 1, 1923, took over the assets was such that, under the statute, the basis for depreciation thereon in the hands of Hartford-Fairmont Company would be carried over to its successor, this petitioner. The opening entries on petitioner's books of account with respect to the Hartford-Fairmont assets and liabilities on January 1, 1923, were identical with the closing entries as of December 31, 1922, on the books of Hartford-Fairmont Company. Although it ceased its operations on December 31, 1922, the Hartford-Fairmont Company continued in existence until January 7, 1929, but filed no income-tax returns during that period. It sustained a net loss from its operation in the year 1922, which petitioner now seeks to apply against its own income for the years 1923 and 1924. On or about January 1, 1923, also, petitioner acquired, in exchange for a certain amount of its capital stock, from the Empire Machine Company, a corporation organized under the laws of the State of Maine, certain assets including patents covering mechanical devices relating to the forming of molten glass. Thereafter, petitioner has engaged in the business of owning, developing and licensing of machines made in accordance with its patents, relating to various processes in the manufacture of glass and glass products. Its income-tax returns filed for the years 1923 to 1928, inclusive, were not consolidated returns.

Respondent opposes petitioner's claim to an allowance for exhaustion of assets acquired from Hartford-Fairmont Company based on the value thereof as of March 1, 1913, as determined by this Board in the proceedings above referred to, reported at 12 B. T. A. 102, not on the ground that the value determined is erroneous, nor

that petitioner is not entitled to use the same basis for exhaustion allowance as was the corporation from which it acquired the assets, but on the ground that the patent applications were not property, susceptible of a valuation as of March 1, 1913, which would serve as a basis for an allowance for the exhaustion of the patents subsequently issued.

This contention has been decided adversely to him. *Individual Towel Co.*, 5 B. T. A. 158; *Hartford-Fairmont Co.*, 12 B. T. A. 98; *Hershey Manufacturing Co.*, 14 B. T. A. 867; *Stephens-Adamson Mfg. Co.*, 16 B. T. A. 41 (affd., 51 Fed. (2d) 681); *Empire Machine Co.*, 16 B. T. A. 1099; *John Douglas Co.*, 23 B. T. A. 1307; *Berenice Brown*, 25 B. T. A. 814. Respondent erred in refusing to allow as deductions from petitioner's income, during the years here involved, exhaustion allowances based upon the value as of March 1, 1913, which we previously determined, of the patents and patent applications acquired by petitioner from the Hartford-Fairmont Company.

Upon the theory that the actual continuity of the predecessor's business should be the guide, rather than the test of legal continuity of corporate form and identity, petitioner contends that it is " the taxpayer " as the term is used in section 204 (b) of the Revenue Act of 1921 and section 206 (b) of the Revenue Act of 1924, and as such, entitled to apply against its income for the years 1923 and 1924 the net loss sustained from its operations by the Hartford-Fairmont Company in 1922. We have carefully considered the argument advanced by counsel for petitioner upon brief, but we are unable to distinguish the issue in the proceeding now at bar from that raised in the several cases heretofore decided to the contrary and, therefore, for the reasons set forth more fully in those cases, determine this issue in favor of respondent. *Marr v. United States*, 268 U. S. 536; *Maytag Co.*, 17 B. T. A. 182; *Plumber's Supply Co.*, 20 B. T. A. 459; *Standard Silica Co.*, 22 B. T. A. 97; *Athol Manufacturing Co.*, 22 B. T. A. 105 (affd., 54 Fed. (2d) 230); *Industrial Cotton Mills Co.*, 22 B. T. A. 648; *Clark Dredging Co.*, 23 B. T. A. 503; *Overbrook National Bank*, 23 B. T. A. 1389.

*Judgment will be entered under Rule 50.*